William L. Buus (SBN 180059)
wbuus@schifferbuus.com
Lana J. Feldman, Of Counsel (SBN 76373)
ljfeldmanlaw@msn.com
SCHIFFER & BUUS APC
959 South Coast Drive, Suite 385
Costa Mesa, CA 92626
Telephone:  (949)825-6140
Facsimile:   (949)825-6141

Attorneys for Plaintiffs
MY FUTURE CONSULTING, INC. and
ANTHONY FLETCHER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MY FUTURE CONSULTING, INC., an Illinois corporation; and ANTHONY FLETCHER, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> VOLT MANAGEMENT CORP., a Delaware corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 8:21-cv-00341-FWS-ADS <br><br> STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS |

Pursuant to Federal Rule of Evidence 26(c) and to facilitate the production and receipt of information in discovery in this action, Plaintiffs MY FUTURE CONSULTING, INC. and ANTHONY FLETCHER ("Fletcher"), and Defendant VOLT MANAGEMENT CORP. ("Volt"), have agreed and stipulated, through their respective counsel, to the entry of an order for the protection of private and/or confidential information about third parties and private and/or confidential financial, business, or commercial information that may be produced or otherwise disclosed by them during the course of this action.

Upon consideration of the record and proceedings herein, the parties hereby

1

STIPULATED PROTECTIVE ORDER

stipulate to the following terms:

## 1. <u>**PURPOSES AND LIMITATIONS**</u>

Discovery in this action is likely to involve production of confidential and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. Discovery in this action is likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

## 2. <u>**GOOD CAUSE STATEMENT**</u>

This action is likely to involve discovery concerning private and/or confidential information of certain third parties, including but not necessarily limited to vendors and employees, and concerning the private and/or confidential commercial, business practice, and financial information of the parties for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such information is generally unavailable to the public and may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  The parties stipulate that use or disclosure of this information outside of the scope of this

2

STIPULATED PROTECTIVE ORDER

action would cause harm to the privacy interests of third parties and/or competitive harm to the parties.  More specifically as to the parties to this action, they believe that competitors will gain an unfair advantage if they learn their financial information, accounting information, customer information, employee information, vendor information, financial information, and/or information about their business operations and/or marketing strategies.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over the privacy and/or confidentiality of discovery materials, to adequately protect information that the parties and third-parties are entitled to keep private and/or confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.  **<u>DEFINITIONS</u>**

    3.1.  <u>Action</u>:  This pending federal lawsuit, *My Future Consulting, Inc. etc., et al. v. Volt Management Corp.*, United States District Court, Central District of California, Civil Action Case No. 8:21-cv-00341-FWS-ADS.

    3.2.  <u>Challenging Party</u>:  A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

    3.3.  <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c),

and as specified above in the Good Cause Statement.

3.4.   <u>Counsel</u>:  Outside Counsel and In-House Counsel (as well as their support staff).

3.5.   <u>Designating Party</u>:  A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.6.   <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter, including documents, data and information, answers to interrogatories, answers to deposition questions, responses to requests for admission, affidavits, expert reports, any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations or presentations by parties or counsel to or in court or in other settings.

3.7.   <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action; (2) is not a current employee of a Party; and (3) at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor.

3.8.   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>:  Extremely sensitive "Confidential Information or Items," the disclosure of which to another Party or Nonparty would create a substantial risk of serious harm that could not be avoided by

4

STIPULATED PROTECTIVE ORDER

less restrictive means.  It includes, without limitation, (1) highly sensitive corporate processes, operations, and/or strategy information; (2) private and/or confidential information relating to third parties, including but not necessarily limited to employees and/or vendors; and (3) other highly technical and financial information.

3.9.   <u>In-House Counsel</u>:  Attorneys who are employees of a party to this Action (as well as their support staff).  In-House Counsel does not include Outside Counsel or any other outside counsel.

3.10.  <u>Nonparty</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.11.  <u>Outside Counsel</u>:  Attorneys and their support staff who are not employees of a party to this Action and who (i) are retained to represent or advise a party to this Action; (ii) have appeared in this Action on behalf of such party; (iii) are employed with a law firm that is retained to represent or advise a party regarding this action; or (iv) are affiliated with a law firm which has appeared on behalf of that party.

3.12.  <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, and Outside Counsel (and their support staffs).

3.13.  <u>Producing Party</u>:  A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

3.14.  <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing and reviewing discovery material, exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15.  <u>Protected Material</u>:  Any Disclosure or Discovery Material that is

5

STIPULATED PROTECTIVE ORDER

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.16.   <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**4.   <u>SCOPE</u>**

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulated Protective Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including information that has become part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party or Producing Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Stipulated Protective Order does not govern the use of Protected Material at trial.

**5.   <u>DURATION</u>**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein

STIPULATED PROTECTIVE ORDER

after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6.      DESIGNATING PROTECTED MATERIAL**

6.1.    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

6.2.    Manner and Timing of Designations.

Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, Sections 6.3(a) and 6.3(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

6.3.    Designation in conformity with this Stipulated Protective Order requires the following:

7

STIPULATED PROTECTIVE ORDER

(a)   For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

STIPULATED PROTECTIVE ORDER

(b)   For transcripts of depositions or other pretrial or trial proceedings, that the original and all copies of any transcript, in whole or in part, be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the court reporter at the request of any party.  This request may be made orally during the proceeding or in writing within thirty (30) days of receipt of the transcript of the proceeding. Deposition transcripts shall be treated by default as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

Transcripts containing Protected Material shall have an obvious legend with the appropriate designation on the title page and every subsequent page that the transcript contains Protected Material.  If only portions of a transcript are designated as Protected Material, then the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.

(c)   For information produced in an electronic form with a load file, the Designating Party shall note the degree of confidentiality of the Protected Material in the load file.

(d)   For information produced in nondocumentary form, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in

9

STIPULATED PROTECTIVE ORDER

which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

6.4.   <u>Inadvertent Failure to Designate</u>.

A failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon subsequent correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with any revised designations under the provisions of this Stipulated Protective Order and promptly collect any copies of the material that have been provided to individuals other than those authorized under Paragraph 9 of this Order.  The Designating Party may also request the individuals to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

7.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1.   <u>Timing of Challenges</u>.

Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2.   <u>Meet and Confer</u>.

The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 et seq., and with any procedures adopted by the Judge and/or Magistrate Judge assigned to this action.

STIPULATED PROTECTIVE ORDER

7.3.   Burden of Persuasion.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.   **ACCESS TO AND USE OF PROTECTED MATERIALS**

8.1.   Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle their present dispute.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2.   Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

11

STIPULATED PROTECTIVE ORDER

(a) The Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The Court and its personnel;

(e) Court reporters and their staff, including stenographic, videographic, and clerical personnel;

(f) Professional jury or trial consultants and mock jurors who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g) Professional Vendors to whom disclosure is reasonably necessary or this Action;

(h) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) During their depositions or in court proceedings, witnesses, and attorneys for witnesses, in the Action provided that: (i) such documents or information were authored by, addressed to, or received by such persons or other persons employed by the same entity as such persons, (ii) such documents or information were produced by or obtained from such persons or their employee, or (iii) to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to

12

STIPULATED PROTECTIVE ORDER

Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j)     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3.   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     The Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)     No more than three (3) In-House Counsel of the Receiving Party, that has previously been identified to the other side in writing, to whom disclosure is reasonably necessary for this Action.

(c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for purposes of this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound," Exhibit A.

(d)     The Court and its personnel;

(e)     Court reporters and their staff, including stenographic,

STIPULATED PROTECTIVE ORDER

videographic, and clerical personnel;

(f)     Professional jury or trial consultants and mock jurors who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g)     Professional Vendors to whom disclosure is reasonably necessary for this Action;

(h)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)     During their depositions or in court proceedings, witnesses in this action, provided that (1) such documents or information were authored by, addressed to, or received by such persons or other persons employed by the same entity as such persons, (2) such documents or information were produced by or obtained from such persons or their employee, or (3) to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designated Party or ordered by the court; and

(j)     Any mediator or settlement officer, and their supporting personnel mutually agreed upon by any of the parties engaged in settlement discussions.

**9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a discovery request, subpoena, or a court order from another litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

14

(a)    Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the discovery request, subpoena, or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.**    <u>**A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**</u>

10.1.  <u>Application</u>.

(a)    The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by

15

this Stipulated Protective Order.  Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

(b)     Both Parties shall be treated as a Receiving Party with respect to any information produced by a Nonparty in this action.  To the extent that a Party obtains information from a Nonparty via subpoena, or otherwise, the Party shall produce the information to the other Party within ten (10) business days, unless the Party can demonstrate good reason why it is not possible to do so.

10.2.  Notification.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

(a)     Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b)     Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)     Make the information requested available for inspection by the Nonparty, if requested.

10.3.  Conditions of Production.

If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's

confidential information responsive to the discovery request.  If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court.  Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**11.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

**12.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and as set forth in this Stipulated Protective Order.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.   In accordance with Federal Rule of Evidence 502(d), the attorney-client privilege or work-product protection is not waived as a result of the disclosure of information in connection with this litigation through inadvertence or

17

STIPULATED PROTECTIVE ORDER

error.  Such production of documents or information subject to attorney-client privilege, work-product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is Protected Material, privileged or protected by the work-product immunity or any other applicable privilege, provided that the Producing Party notifies the Receiving Party in writing promptly upon discovery of such information.  Within five (5) business days of receiving such notice, the Receiving Party shall return such information or documents or confirm in writing that it has taken reasonable steps to permanently delete all electronic copies of such documents from electronic records and to destroy all paper copies.  If the Receiving Party has disclosed the information to others before being notified of the claim of privilege or protection, the Receiving Party must take reasonable steps to retrieve and return or destroy the disclosed information.  No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone after the request that they be returned.  The Receiving Party may move the court for an order compelling production of such information (based on information independent of the content of the allegedly privileged materials in question), but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.  If a claim is disputed, the Receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose until the matter is resolved by agreement of the parties or by a decision of this Court.  If a party becomes aware that it has received documents that are clearly privileged, the party receiving the privileged documents will promptly notify the Producing Party of receipt of the documents and return or destroy all copies of the privileged documents, if the Producing Party so requests within ten (10) business days after being advised of the inadvertent production.  If the Producing Party does not request return or destruction of the identified privileged documents within this ten

STIPULATED PROTECTIVE ORDER

(10) business day time period, the Producing Party will be deemed to have waived the privilege, but only with respect to the specific documents identified.

**13.    MISCELLANEOUS**

13.1.   <u>Right to Further Relief</u>.

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2.   <u>Right to Assert Other Objections</u>.

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3.   <u>Filing Protected Material</u>.

A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.4.   <u>Use of a Party's Own Protected Material</u>.

Nothing in this Stipulation and Protective Order restricts in any way a Party's use or disclosure of its own Protected Material.

13.5.   <u>No Presumption as to Confidentiality</u>.

The fact that information is marked with a confidentiality designation under the Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential,

19

STIPULATED PROTECTIVE ORDER

proprietary, or a trade secret. The fact that any information is disclosed, used, or produced in this action with a confidentiality designation shall not be offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

  13.6. <u>No Modification of Existing Rights</u>.

    This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Protected Material.

**14. FINAL DISPOSITION**

  Within sixty (60) days after the latest of any final disposition, as defined in Section 5, of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  To the extent it is not reasonably possible to destroy or return certain Protected Material in the possession of a Receiving Party—such as information that may reside on Parties' and Counsel's respective firms' or other electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonably accessible—such Receiving Party agrees to maintain the confidentiality of such Protected Material and shall provide a written certification to that effect.

STIPULATED PROTECTIVE ORDER

Notwithstanding this provision, Parties and Counsel shall not be required to delete information that may reside on their respective firms' or other electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonably accessible. Counsel are entitled to retain archival copies of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports, and associated exhibits, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

21

STIPULATED PROTECTIVE ORDER

15.   **VIOLATION**

Any violation of this Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Respectfully submitted,

Dated:      June 20, 2022             SCHIFFER & BUUS APC

*/s/ William L. Buus*

By: William L. Buus
Counsel for Plaintiffs
MY FUTURE CONSULTING, INC. and
ANTHONY FLETCHER

Dated:      June 20, 2022             WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

*/s/ Ian Stewart*

By: Ian Stewart, Esq.
Counsel for Defendant
VOLT MANAGEMENT CORP.

**ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that concurrence in the filing of this document has been obtained from all signatories above.

Dated:      June 20, 2022       By: */s/ William L. Buus*

William L. Buus

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:____July 14, 2022____            ____/s/ Autumn D. Spaeth____
Hon. Autumn D. Spaeth
United States Magistrate Judge

22

STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name], of _____

_____ [address], declare under penalty of perjury that I have read in

its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Central District of California on _____

[date] in the case of *My Future Consulting, Inc. etc., et al. v. Volt Management

Corp.*, United States District Court, Central District of California, Civil Action

Case No. 8:21-cv-00341-FWS-ADS.  I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order, and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the

nature of contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Stipulated

Protective Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.  I hereby appoint _____ [full

name] of _____ [address and telephone

number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective

Order.

**Signature**: _____

**Printed Name**: _____

**Date**: _____

**City and State Where Sworn and Signed**: _____

23

STIPULATED PROTECTIVE ORDER

1

## PROOF OF SERVICE

2       I am employed in the County of Orange, State of California.  I am over the

3   age of eighteen (18) years and am not a party to the within action.  My business

4   address is that of 959 South Coast Drive, Suite 385, Costa Mesa, California 92626.

5       I hereby certify that on July 14, 2022, I electronically filed the foregoing

6   [PROPOSED] STIPULATED PROTECTIVE ORDER FOR LITIGATION

7   INVOLVING HIGHLY SENSITIVE CONFIDENTIAL INFORMATION

8   AND/OR TRADE SECRETS with the Clerk of the Court using ECF which will

9   send notification and a copy of such filing to the following persons:

10
11
12
13
14

Ian A. Stewart, Esq.
Ian.stewart@wilsonelser.com
Andrew J. Sewell, Esq.
Andrew.sewell@wilsonelser.com
WILSON ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101

15
16

Attorneys for Defendant
VOLT MANAGEMENT CORP.

17   Executed on June 20, 2022, at Costa Mesa, California.

18       I declare under penalty of perjury under the laws of the United States of

19   America that the foregoing is true and correct.

20

21                       */s/ William L. Buus*

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER